## EICHMAN and Another *against* THE BELVEDERE BANK.

### IN ERROR.

Security entered for a stay of execution under the act of 16th June, 1836, must in all cases be approved of by the Court in which the judgment was obtained, or by a judge thereof; and unless it so appear upon the record, execution may be issued.

ERROR to the Court of Common Pleas of Northampton County.

The President, Directors, and Company of the Belvedere Bank, brought an action on the case in that Court, against William Eichman and Christopher Midler; and on the 11th of July, 1837, obtained a judgment for the sum of $1628 98, upon an award of arbitrators. On the 29th of July following, a recognisance was entered into by one Thomas Bishop, before the prothonotary of the Court, in the sum of $2000 as security for the debt, "for the stay of execution, according to law." On the 18th of August, the plaintiffs issued a *fi, fa.* which was levied on the defendants' goods. On the 21st of August the Court granted a rule "to shew cause why the execution should not be set aside, and the defendants admitted to perfect the bail, proceedings to stay in the mean time. This rule was founded on the following affidavit.

"Christopher Midler, one of the defendants above named, being duly sworn according to law, says, that on the 11th day of July last an award of arbitrators was filed in the above case, for the sum of $1628 98, for the plaintiffs: that eighteen days after, to wit, on the 29th of the same month, he met Mr. Maxwell, the attorney of the plaintiffs in the prothonotary's office, and informed him and the prothonotary, that he intended on that day to enter bail for the stay of execution in the above case, which is granted to persons owning real estate in fee simple worth the amount of the judgment; and that Thomas Bishop, who was, and is, amply sufficient, was the person whom he intended to enter as such bail. Mr. Maxwell did not object to him; and in an hour or two, he took Mr. Bishop to the prothonotary's office, and entered such bail; notwithstanding which, an execution has been issued. The deponent further alleges, that he believes Mr. [*69] Bishop is worth three times the amount of the above *award, after paying his debts; and that he is ready and willing, should he be objected or excepted to, to offer any amount

(Eichman *v.* Belvedere Bank.)

of bail, or do any other thing which the Court may direct to complete and perfect the entry of such bail.

[Signed]          CHRISTOPHER MIDLER.

Sworn and subscribed
   the 21st day of Aug. 1837.

C. L. EBERLE, J. P."

On the argument of the rule, the following deposition was read upon the part of the defendants.

"Thomas Bishop being duly sworn according to law, says that he became bail for the defendants in the above case for the stay of execution which is granted to persons possessed of an estate in fee-simple; that he then considered, and still does consider himself worth three times the amount of the award of arbitrators filed in the above case.

THOMAS BISHOP.

Sworn and subscribed,
   Aug. 23, 1837.

C. L. EBERLE, J. P."

On the part of the plaintiffs the following affidavits of the prothonotary was read.

"Samuel Yohe being duly sworn, saith, that Christopher Midler came to his office, when H. D. Maxwell, the attorney of the plaintiffs came in. Mr. Midler stated to the deponent that he wished to enter bail or security in the above case for to get stay of execution, and offered Thomas Bishop as bail; and referred to Mr. Maxwell to know if he would accept him; he, Mr. Maxwell, said that he would not accept any one, and that he must take his own course; that he would not dictate as to the course that he should take. Mr. Midler then replied that he would give him as the bail, and that he knew what he was doing; and deponent thinks the next day, or the same day, Mr. Bishop came and entered into a recognisance as security for the payment of the debt, interest, and costs, and I the prothonotary accepted him. The deponent further states, that he read the law in relation to sureties, for the stay of execution to Mr. Midler, and explained it to him; and that the defendants came for the purpose of entering bail for the stay of execution for one year.

[Signed]          SAML. YOHE.

Sworn and subscribed
   Aug. 24, 1837, before me,
            J. WEYGANDT, Jr."

*On the 29th of August 1837, the court discharged the rule, and refused to permit the defendants to perfect the [*70] entry of bail for the stay of execution.

(Eichman *v.* Belvedere Bank.)

The defendants then removed the record to this Court; and assigned for error the refusal of the Court to set aside the execution, &c.

Mr. *Broadhead,* for the plaintiff in error, cited, the act of 16th June, 1836, section iv.; *Means* v. *Trout,* (16 Serg. & Rawle, 349); *Davis* v. *Black,* (12 Serg. & Rawle, 127); *Burgess* v. *Jackson,* (2 Penn. Rep. 431.)

Mr. *Maxwell,* contra.

The opinion of the Court was delivered by

HUSTON, J.—The law requires security *to be approved by the Court or by a Judge thereof,* for the sum recovered, together with interest and costs, to entitle to the stay of execution.   If the informality is in the words of the recognisance as taken by the prothonotary, or if there is any informality before the court or judge, perhaps the court ought to permit it to be amended, as to form ; but when one of the matters required is totally omitted, we do not see how this can be amended.   There was nothing by which to amend.   There was no approval of the security by the court or a judge.   The law requires this; and I do not see how a court can dispense with it.   It would be prudent in a defendant who was about to propose bail, to  give notice  to the plaintiff or his attorney; if this has not been done, it would be prudent in a judge, if he has any doubt about the sufficiency of the bail, to require notice to be  given  to the plaintiff.   If this is not done, and bail are objected to, we do not say additional bail cannot be given.   Further, the approval of the judge should be in writing, and filed, and an  entry of it on  the docket.   If all this is done informality may be amended.   But there must be a recognisance of bail, and this bail must be approved by the court or a  judge, within the thirty days, or the requisitions of the law are not complied with : and we cannot say the court below had any power to dispense with them.

Judgment affirmed.

Cited by Counsel, 6 Wharton, 345.
Cited by the Court, 1 Watts & Sergeant, 141.